IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **TERRELL UNDRAE WILLIAMS,** § | | **PETITIONER** |
| **#88823** § | | |
| § | | |
| V. § | | CAUSE NO. 3:11cv463-CWR-FKB |
| § | | |
| **JAMIE MCBRIDE and ANGELA** § | | |
| **WILLIAMS** § | | **RESPONDENTS** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner Terrell Undrae Williams's [1] Complaint, which the Court construes as a petition for habeas corpus pursuant to 28 U.S.C. 2241.[1] The Court has considered and liberally construed the pleadings and motion. The case is dismissed.

### FACTS AND PROCEDURAL HISTORY

Petitioner was arrested in May, 2010 and indicted on August 31, charged with statutory rape. He is currently a pre-trial detainee in the Hinds County Detention Center awaiting trial.

Petitioner filed a habeas action in this Court on May 20, 2011, styled *Williams v. Mississippi*, No. 3:11cv304-CWR-FKB. Petitioner argued the indictment should be dismissed because it is vague and he is innocent. He filed the instant action on July

---

[1]Petitioner styled this action as a Section 1983 complaint for malicious prosecution and false arrest. Since he only seeks release from detention, this action is properly recognized as one for habeas corpus under Section 2241. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

28, against Assistant District Attorney Jamie McBride and investigating officer Angela Williams. Again, Petitioner seeks dismissal of the indictment based on its alleged ambiguity and the fact that he is innocent. He further claims the indictment should be dismissed because there was no probable cause. On August 1, the undersigned dismissed *Williams v. Mississippi* for lack of exhaustion and because habeas did not lie to prevent the State criminal trial.

## DISCUSSION

This Court has already ruled that Petitioner may not bring a habeas challenge to prevent trial on the statutory rape charge. *Williams v. Mississippi*, No. 3:11cv304-CWR-FKB (S.D. Miss. Aug. 1, 2011). He did not appeal that decision. The holding applies to this duplicate action filed while the first was still pending.

To the extent that the lack of probable cause claim may not be considered duplicate in this proceeding, that claim must likewise be dismissed. Petitioner argues there was no probable cause for his arrest because Defendant Williams left out exculpatory information from her affidavit to obtain the arrest warrant. As relief, he seeks dismissal of the indictment. Lack of probable cause would not necessarily lead to dismissal of the indictment. Even if it did, the Court is without authority to abort the State criminal trial. *Dickerson*, 816 F.2d at 226.

Additionally, lack of probable cause is a matter which may be resolved by trial on the merits of statutory rape. First, the basis of Petitioner's probable cause argument is that he is innocent. Second, he indicates he filed a motion challenging probable cause in the State trial court. According to the Fifth Circuit:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Id.* at 225. This means he may bring a pre-trial federal habeas claim only if he has exhausted his State court remedies. *Id.* at 228. This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claim for habeas, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). *See*, *D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981).

According to the Mississippi Supreme Court's docket, Petitioner did apply for a writ of mandamus to dismiss the indictment. *In Re: Williams*, No. 2011-M-1209 (Miss. Oct. 12, 2011) (denying mandamus). The issue he raised, however, was that the indictment is defective. He did not raise probable cause. Therefore, even if the Court could prevent the trial based on the probable cause argument, that issue is unexhausted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Court construes this case as one for habeas under 28 U.S.C. 2241. The Clerk of Court is directed to change the case classification accordingly.

**IT IS FURTHER ORDERED AND ADJUDGED** that the case is **DISMISSED**. A separate final judgment shall issue pursuant to Federal Rule of Civil

Procedure 58.

THIS the 23rd day of November, 2011.

>   s/Carlton W. Reeves
>   UNITED STATES DISTRICT JUDGE